**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIELLA MIDENGE,<br><br>Plaintiff,<br><br>v.<br><br>TODD SCHLIFSTEIN,<br><br>Defendant. | Case No. 2:26-cv-12128<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, DANIELLA MIDENGE, by and through her undersigned counsel, brings this Complaint against Defendant, TODD SCHLIFSTEIN, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

## PARTIES

2. Daniella Midenge ("Midenge") is an individual and professional photographer residing in Los Angeles.

3. Upon information and belief, Todd Schlifstein ("Schlifstein") is an individual residing and conducting business in New Jersey.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over Plaintiff's copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

5. This Court has personal jurisdiction over Defendants because Defendants have a physical presence in the State of New Jersey and/or Defendants transact business in the State of New Jersey.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-(d) and/or §1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and/or this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside or may be found in this judicial district.

## FACTUAL ALLEGATIONS

7. Daniella Midenge is a successful photographer, director, and creative director. Midenge is most well-known for her celebrity portraiture and beauty photography.

8. Midenge's work has been featured in top publications such as *Vogue*, *Harper's Bazaar*, *Elle*, *V Magazine*, *Allure*, and many more. Notable clients include Jennifer Lopez, Pamela Anderson, Kourtney Kardashian, Paris Hilton, and more.

9. Midenge's livelihood depends on receiving compensation for the

photographs she produces, and the copyright protection afforded to Midenge's work deters would-be infringers from copying and profiting from her work without permission.

10. Midenge is the sole author and copyright holder to a photograph of Jennifer Lopez in a thong bodysuit, looking over her shoulder at the camera ("Lopez Photograph").

11. Attached as Exhibit A is a true and correct copy of the Lopez Photograph.

12. Midenge registered the Lopez Photograph with the United States Copyright Office under Registration Number VA 2-230-325 with an Effective Date of Registration of September 1, 2022.

13. Attached as Exhibit B is a true and correct copy of the Copyright Registration Certificate for the Lopez Photograph.

***Defendant, Todd Schlifstein***

14. Schlifstein is a medical doctor now working as a medical spa business consultant, and residing in Randolph, New Jersey.

15. Upon information and belief, Schlifstein owns and operates the Instagram account @drtodd_newyorkcityy ("Schlifstein Instagram Account").

16. At all relevant times, the Schlifstein Instagram Account was readily accessible to the general public throughout New Jersey, the United States, and the

world.

17. Schlifstein generates content on the Schlifstein Instagram Account for commercial purposes to attract user traffic, to market and promote Schlifstein's services, and to increase the customer base and revenue for Schlifstein.

18. At all relevant times, Schlifstein had a direct financial interest in the content and activities of the Schlifstein Instagram Account (including the activities alleged in this Complaint).

19. At all relevant times, Schlifstein had the ability to supervise and control all content on the Schlifstein Instagram Account.

***Defendant's Unauthorized Use of the Lopez Photograph and Willful Infringement***

20. On or about August 17, 2026, Midenge discovered her Lopez Photograph being used in a post on the Schlifstein Instagram Account with the caption "Instagram versus Reality. What do you think? I think she looks amazing in both photos. Just keeping things in perspective and real as they look through social media. Cellulite is very common. There are many treatments available today to help reduce the appearance of cellulite, if someone desires to do so . . ." ("Infringing Post").

21. Attached hereto as Exhibit C is a true and correct screenshot of the Lopez Infringement on the Schlifstein Instagram Account.

22. The purpose of the use of the Infringing Post on the Schlifstein

Instagram Account was to provide high-quality content congruent with Defendant's marketing goals to entice users to book an appointment for services with Defendant.

23. The purpose of the use of the Lopez Photograph in the Infringing Post was to promote Defendant's services by providing visual content in the form of a high-quality, professionally-produced photograph to assist the viewer in visualizing the results that could be achieved with Defendant's services.

24. Midenge did not provide permission or authorization to Defendant to use, make a copy of, or publicly display the Lopez Photograph on the Schlifstein Instagram Account.

25. Defendant, including their employees, agents, contractors, or others over whom it has responsibility and control, created unauthorized copies of the Lopez Photograph and caused it to be uploaded to and displayed on the Schlifstein Instagram Account.

26. Defendant, including their agents, contractors, or others over whom they have responsibility and control, used, displayed, published, and otherwise held out to the public Midenge's original and unique Lopez Photograph in order to acquire a direct financial benefit, through revenue from the sales of Schlifstein's services and products, from the use of the Lopez Photograph.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101, *et seq.*

27. Midenge incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Midenge owns valid copyrights in the Lopez Photograph

29. Midenge registered the Lopez Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30. Defendant, including their employees, agents, contractors, or others over whom they have responsibility and control, copied and displayed Midenge's unique and original Lopez Photograph without Midenge's consent or authorization in violation of 17 U.S.C. § 501.

31. Defendants willfully and deliberately infringed upon Midenge's rights in her copyrighted Lopez Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendants knew, or should have known, they did not have a legitimate license or permission to use the Lopez Photograph.

32. As a result of Defendants' violations of Title 17 of the U.S. Code, Midenge has sustained significant injury and irreparable harm.

33. As a result of Defendant's violations of Title 17 of the U.S. Code, Midenge is entitled to any actual damages and profits attributable to the infringement, pursuant to 17 U.S.C. §504(b), or at Midenge's election, statutory

damages pursuant to 17 U.S.C. § 504(c).

34. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendant as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

## PRAYER FOR RELIEF

**WHEREFORE**, Midenge prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Midenge's copyright interest in the Lopez Photograph by copying and displaying it without a license or consent;
- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Midenge's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);
- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;
- For pre-judgment and post-judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: September 15, 2026

Respectfully submitted,

**/s/ Melissa A. Higbee**
Melissa A. Higbee, Esq.
NJ Bar No. 030812012
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave. Ste. 200
N Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff, Daniella Midenge, hereby demands a trial by jury in the above matter.

Dated: September 15, 2026

Respectfully submitted,

**/s/ Melissa A. Higbee**
Melissa A. Higbee, Esq.
NJ Bar No. 030812012
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave. Ste. 200
N Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*